FILED
United States Court of Appeals
Tenth Circuit

October 16, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS MANUEL RODELA-CASTILLO,

    Defendant - Appellant.

No. 17-2108
(D.C. No. 2:16-CR-02181-KG-4)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **EBEL** and **BACHARACH**, Circuit Judges.
_____

Jesus Manuel Rodela-Castillo pled guilty to one count of conspiracy to

distribute 500 grams or more of a mixture or substance containing methamphetamine

in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). His plea agreement

included a broad waiver of his appellate rights, including the right to appeal his

sentence if it was at or under the maximum statutory penalty authorized by law (i.e.,

life imprisonment). The court sentenced him to 46 months in prison. Nevertheless,

he now seeks to challenge his sentence through this appeal.

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.

In response to the government's motion, Mr. Rodela-Castillo, through counsel, "agrees that his appeal waiver is enforceable under the standard articulated in [*Hahn*]" and states that he "does not oppose the dismissal of this appeal."  Resp. to Mot. to Enforce Appellate Waiver at 1 (Sept. 14, 2017).  Based on this concession and our independent review of the record, we grant the government's motion and dismiss the appeal.  We do so, however, without prejudice to Mr. Rodela-Castillo's right to file a motion under 28 U.S.C. § 2255.

Entered for the Court
Per Curiam

2